UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIANY APARECIDA DE ARAUJO DE SOUSA, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>                Defendant. | Case No.  23-cv-04657-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 64 |

USCIS's motion to dismiss Plaintiff Haroon Ishtiaq's claim for mootness under Rule 12(b)(1) is granted.  This ruling assumes the reader is familiar with the facts, applicable law, and the arguments made by the parties.

In the operative First Amended Complaint, Ishtiaq alleged that USCIS unlawfully withheld or unreasonably delayed a U visa waiting list decision.  (*See* FAC ¶¶ 293, 317.) Because Ishtiaq has since received a waiting list decision, which he acknowledges (Dkt. No. 72 at 1),[1] that claim is now moot.  *See Berry v. Air Force Cent. Welfare Fund*, 115 F.4th 948, 952 (9th Cir. 2024).

Rather than dispute mootness, Ishtiaq contends that, now as a member of the waiting list, he is entitled to advance parole.  But this claim was previously dismissed because it failed as a matter of law, for the reasons explained in the prior dismissal order.  *De Sousa v. Dir. of U.S. Citizenship & Immigr. Servs.*, 720 F. Supp. 3d 794, 804–08 (N.D. Cal. 2024).  Nor does Ishtiaq

---

[1] Citations to page numbers refer to the ECF pagination.

provide any basis to reconsider that decision.

For one, Ishtiaq's request for reconsideration is procedurally improper and warrants denial on this basis alone.  Even if his request, made in an opposition brief, were construed as a motion for reconsideration, Ishtiaq did not seek leave of court.  *See* Civ. L.R. 7-9(a); *Food & Water Watch, Inc. v. EPA*, No. 17-CV-02162-EMC, 2021 WL 121186, at *1–2 (N.D. Cal. Jan. 13, 2021).  Ishtiaq has also failed to demonstrate that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," or "[t]he emergence of new material facts or a change of law occurring after the time of such order."  Civ. L.R. 7-9(b).

In any event, Ishtiaq's arguments fail on the merits.  Section 214.14(d)(2) does not entitle Ishtiaq to parole.  That regulation states in relevant part that "USCIS will grant deferred action or parole to U-1 petitioners and qualifying family members while the U-1 petitioners are on the waiting list."  8 C.F.R. § 214.14(d)(2).  Pointing to the regulation's use of the term "while," Ishtiaq contends that USCIS must provide both deferred action and parole to waiting list members depending on their needs as long as they remain on the waiting list.  As previously held, the plain language of § 214.14(d)(2) makes clear that "USCIS is given the option of choosing to grant either deferred action or parole, and is not required to grant both."  *De Sousa*, 720 F. Supp. 3d at 805.  Under § 214.14(d)(2), Ishtiaq would only be entitled to parole if deferred action were unavailable to him, such as if he had been overseas at the time of waiting list adjudication.  But that is not the case here, as Ishtiaq has already received deferred action, and so he has "received all the relief to which [he] [is] legally entitled."  *Id.*

Nor does § 214.14(d)(3) support Ishtiaq's interpretation.  That neighboring provision provides: "During the time a petitioner for U nonimmigrant status who was granted deferred action or parole is on the waiting list, no accrual of unlawful presence under section 212(a)(9)(B) of the INA, 8 U.S.C. [§] 1182(a)(9)(B), will result.  However, a petitioner may be removed from the waiting list, and the deferred action or parole may be terminated at the discretion of USCIS."  8 C.F.R. § 214.14(d)(3).  Contrary to Ishtiaq's argument, the regulation does not presume that all

waiting list members have parole. Rather, § 214.14(d)(3) plainly contemplates that a petitioner may have been granted "deferred action or parole." Moreover, the regulation makes sense even if parole is not required for all waiting list members. Section 214.14(d)(3) ensures that for those who enter the United States with a temporary grant of parole, like an overseas petitioner, they do not accrue unlawful presence while awaiting conversion to deferred action.

In addition, Ishtiaq essentially advances Plaintiffs' previously rejected argument that USCIS is required to grant advance parole to waiting list members under § 212.5(f), because § 214.14(d)(2) authorizes parole for them. But Ishtiaq offers no basis to depart from the Court's prior holding that "nothing in the statutory and regulatory text, or the binding precedents construing those provisions, supports Plaintiffs' view that they are legally entitled to advance parole. Instead, all those authorities confirm that USCIS retains the discretion to determine if advance parole will be granted." *De Sousa*, 720 F. Supp. 3d at 807.

Finally, Ishtiaq's appeal to the regulatory history of § 214.14(d)(2) is unavailing. Because the text of the regulation is unambiguous, the "judicial inquiry is complete" without resorting to its history or purpose. *See Mountain Cmtys. for Fire Safety v. Elliott*, 25 F.4th 667, 676–77 & n.4 (9th Cir. 2022) (cleaned up).

**IT IS SO ORDERED.**

Dated: November 5, 2024

RITA F. LIN
United States District Judge

3