UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIANY APARECIDA DE ARAUJO DE SOUSA, et al., | Case No. 23-cv-04657-RFL |
| Plaintiffs, | |
| v. | **ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT; DENYING MOTION FOR JURISDICTIONAL DISCOVERY** |
| DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | Re: Dkt. Nos. 43, 46, 67 |
| Defendant. | |

Plaintiffs are petitioners for U visas, which are available for certain crime victims who assist law enforcement, and their qualifying family members. The number of U visas that U.S. Citizenship and Immigration Services ("USCIS") may issue annually is statutorily capped, and that cap has been reached each year since 2009. Thus, USCIS places petitioners who qualify for a U visa but who cannot obtain one due to the statutory cap on a waiting list, where they receive interim benefits. For petitioners living in the United States, those interim benefits include deferred action, which protects them against removal from the United States, as well as employment authorization. However, due to backlogs, petitioners were waiting years to even be put on the waiting list. As a result, USCIS created a second track: a "bona fide determination." Those who receive a bona fide determination receive an abbreviated review, but USCIS does not conduct a full adjudication to determine if they qualify for a U visa until a visa becomes available within the statutory cap. In the interim, petitioners with bona fide determinations do receive deferred action and employment authorization.

1

Plaintiffs sued USCIS, alleging that those who only receive a bona fide determination cannot access an additional benefit available to those on the waiting list:  advance parole. Advance parole would allow them to travel outside the United States and return without jeopardizing their U visa status.  That is a significant and important benefit, because otherwise U visa petitioners may be left for years unable to see their family members abroad.  Plaintiffs thus alleged that USCIS is required to provide petitioners who only have a bona fide determination with a full-blown waiting list decision, so that petitioners can have an opportunity to access advance parole.

At the pleading stage, the Court previously denied USCIS's motion to dismiss for lack of Article III standing.  USCIS argued that Plaintiffs suffered no harm from having only a bona fide determination, because Plaintiffs reside in the United States and U visa petitioners residing in the United States generally do not receive advance parole anyway.  This argument was rejected, on the basis that placement on the waiting list would allegedly allow applicants an *opportunity* to be considered for advance parole, whereas they were legally precluded from seeking advance parole with only a bona fide determination.

The parties then proceeded to cross-motions for summary judgment.  USCIS has now presented additional evidence that waiting list placement in fact would not provide Plaintiffs any further opportunity to be considered for advance parole.  Instead, as further detailed below, the undisputed evidence is that placement on the waiting list has no impact whatsoever on the ability of a U visa petitioner in the United States to seek advance parole.  The Court is required to consider subject matter jurisdiction at every stage of a case, and the absence of subject matter jurisdiction is not an argument that can be waived.  Based on the new evidence from USCIS, Plaintiffs have not suffered injury-in-fact from having a bona fide determination rather than a waiting list placement.  Accordingly, the surviving claim must be dismissed without prejudice for lack of subject matter jurisdiction.

## I.    BACKGROUND

### A.    Statutory and Regulatory Framework

The U visa program was created by Congress with the enactment of the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. 106–386, 114 Stat. 1464.  Its purpose was to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute cases of domestic violence, sexual assault, trafficking of aliens, and [certain] other crimes," while also "offering protection to victims of such offenses in keeping with the humanitarian interests of the United States."  Pub. L. 106–386 at § 1513(a)(2)(A).  Pursuant to this statute, USCIS may grant U visas to victims of specified crimes who cooperate with law enforcement authorities in the investigation or prosecution of the crime.  8 U.S.C. § 1101(a)(15)(U)(i); 8 C.F.R. § 214.14.  A petitioner's qualifying family members can also apply.  8 U.S.C. § 1101(a)(15)(U)(ii).  Once issued a U visa, the petitioner receives lawful nonimmigrant status and work authorization for up to four years.  8 U.S.C. §§ 1184(p)(3)(B), (p)(6); 8 C.F.R. § 274a.12(a)(19).

Each year, however, only 10,000 principal U visas are available.  8 U.S.C. § 1184(p)(2). That statutory cap "has been reached each year since 2009."  (Dkt. No. 1-2 (USCIS Ombudsman, Parole for Eligible U Visa Principal and Derivative Petitioners Residing Abroad (June 16, 2016))); 72 Fed. Reg. 53,014 (Sept. 17, 2007).  In response, USCIS established a regulatory waiting list process.  8 C.F.R. § 214.14(d)(2).  If USCIS determines that a U visa is approvable but cannot be granted "due solely" to the 10,000-person cap, the petitioner "must be placed on [the] waiting list."  *Id.*  The wait time for issuance of a U visa is at least seven or eight years. USCIS prioritizes the U visa applications that have been pending the longest.  8 C.F.R. § 214.14(d)(2); USCIS, Policy Manual, Vol. 3, Part C, Ch. 7.  As of October 2024, USCIS was issuing U visas only for petitions filed in or before November 2016.  *See* https://www.uscis.gov/I-918 (last visited November 5, 2024).

But the waiting list has a backlog of its own.  In 2020, for example, "the median processing time from receipt of a U visa petition until placement on the waiting list was 50.9

3

months." USCIS, Humanitarian Petitions: U Visa Process Timings, Fiscal Year 2021 Report to Congress (available at https://www.uscis.gov/sites/default/files/document/reports/USCIS-Humanitarian-Petitions.pdf). USCIS has been repeatedly sued for allegedly lengthy delays in its issuance of waiting list decisions. *See, e.g.*, *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 452–54 (6th Cir. 2022); *Gonzalez v. Cuccinelli*, 985 F.3d 357, 374–76 (4th Cir. 2021).

Due to the "growing backlog awaiting placement on the waiting list," USCIS issued a Policy Alert creating an abbreviated, substitute process: a bona fide determination. (Dkt. No. 1-3 (USCIS, Policy Alert: Bona Fide Determination Process for Victims of Qualifying Crimes, and Employment Authorization and Deferred Action for Certain Petitioners (June 14, 2021)).) The USCIS Policy Manual sets forth the procedures for that process. USCIS "determines whether a petition is bona fide based on the petitioner's compliance with initial evidence requirements and successful completion of background checks." USCIS, Policy Manual, Vol. 3, Part C, Ch. 5 (available at https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5). If a U visa petition is deemed bona fide, USCIS grants the petitioner "deferred action," along with work authorization. *Id.* "Deferred action" refers to an "exercise in administrative discretion" under which "no action will thereafter be taken to proceed" with the applicant's removal from the United States. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999) (citation omitted). Petitioners who receive a bona fide determination are generally not considered for a waiting list decision. USCIS, Policy Manual, Vol. 3, Part C, Ch. 6.

For the purposes of this case, the key distinction between bona fide determinations and waiting list decisions is the availability of parole. USCIS "will grant deferred action or parole," as well as work authorization, to those placed on the waiting list on a case-by-case basis. 8 C.F.R. § 214.14(d)(2). However, as implemented in USCIS's Policy Alert and Policy Manual, the bona fide determination process does not provide for the grant of parole to those who receive bona fide determinations. *See Arenales-Salgado-De-Oliveira v. Jaddou*, No. 23-61167-CIV, 2024 WL 68291, at *3 (S.D. Fla. Jan. 5, 2024).

For U visa petitioners, the inability to access parole can have significant consequences.

"The purpose of parole is to permit a non-citizen to enter the United States temporarily while investigation of eligibility for admission takes place." *Succar v. Ashcroft*, 394 F.3d 8, 15 (1st Cir. 2005). There are several types of parole, *id.* at 15 n.7, and relevant here is advance parole. "As its name implies, 'advance parole' is simply parole that has been requested and authorized in advance based on an expectation that [an] alien will be presenting himself for inspection without a valid visa in the future." *Rais v. Holder*, 768 F.3d 453, 457 n.2 (6th Cir. 2014) (citation omitted). Thus, advance parole permits petitioners "to leave the country and to reenter lawfully without jeopardizing pending applications for discretionary relief." *Navarro-Aispura v. INS*, 53 F.3d 233, 235 (9th Cir. 1995). Without such relief, U visa petitioners are left waiting for years to see their family members abroad, because they cannot travel out of the country without jeopardizing their U visa status.

### B.      Procedural Background

Plaintiffs are non-citizens residing in the United States who have petitioned for U visas as either principal petitioners or their derivatives. (Dkt. No. 22 ("FAC") ¶¶ 238–92, 294–320.) They have all received bona fide determinations, deferred action, and employment authorizations, but allege entitlement to waiting list decisions and parole. (*E.g.*, *id.* ¶¶ 238–92, 294–320, 329, 336; Dkt. No. 31-2 ¶ 7.) Their desire is to obtain a waiting list decision and then advance parole, so that they can go abroad to see their family members without fear of being unable to reenter the United States. Plaintiffs describe missing their loved ones' last moments of life, surgeries, major illnesses, funerals, and weddings, as well as being unable to go on religious pilgrimages, because of their inability to obtain advance parole. (FAC ¶¶ 231–320.) In some cases, Plaintiffs have been waiting for more than twenty years to go abroad to see family. (*See, e.g.*, *id.* ¶¶ 238, 244, 255, 261, 270.)

Plaintiffs brought suit asserting three claims under the Administrative Procedure Act, 5 U.S.C. § 706 *et seq.* In the first cause of action, they alleged that USCIS has unlawfully withheld or unreasonably delayed waiting list decisions. (FAC ¶¶ 317, 329, 339–40.) In the second and third causes of action, they alleged that USCIS unlawfully withheld or unreasonably

delayed granting them advance parole (*id.* ¶¶ 393, 396–98), and arbitrarily and capriciously denied them advance parole (*id.* ¶ 411).

USCIS moved to dismiss the second and third causes of action on the basis that, even if Plaintiffs had waiting list placements, they had no entitlement to advance parole. The text of 8 C.F.R. § 214.14(d)(2), the regulation establishing the waiting list, states in pertinent part that "USCIS will grant deferred action *or* parole to U-1 petitioners and qualifying family members while the U-1 petitioners are on the waiting list." *Id.* (emphasis added). Deferred action is a form of administrative discretion under which no action will be taken to remove the U visa applicant from the United States. The Court agreed with USCIS that the regulation grants USCIS the discretion to choose between granting either deferred action or parole. *De Sousa v. Dir. of U.S. Citizenship & Immigr. Servs.*, 720 F. Supp. 3d 794, 804–08 (N.D. Cal. 2024). Accordingly, those claims were dismissed.

USCIS also moved to dismiss the first cause of action for unlawful withholding or unreasonable delay of waiting list decisions under Rule 12(b)(1) for lack of subject matter jurisdiction. USCIS argued that Plaintiffs suffered no injury-in-fact by receiving only bona fide determinations. *See id.* at 801–02. USCIS's motion as to the first cause of action was denied. As explained in the order, § 214.14(d)(2) requires USCIS to grant "deferred action or parole" to U visa petitioners placed on the waiting list. *Id.* Placement on the waiting list therefore allows U visa petitioners the legal opportunity to be considered for parole in addition to deferred action, whereas a bona fide determination would only permit consideration for deferred action. *Id.* Because Plaintiffs had received bona fide determinations, and USCIS does not provide waiting list decisions to those who already have bona fide determinations, Plaintiffs alleged that they had been deprived of the opportunity to access parole. *Id.* Without parole, Plaintiffs alleged that they have been separated for years from their family members abroad because they cannot travel out of the United States without jeopardizing their status or ability to return. *Id.* at 802. Plaintiffs had therefore plausibly alleged that by being denied waiting list decisions, they lost the opportunity to be considered for the valuable privilege of parole, a constitutionally cognizable

injury. *Id.* at 801–02. Nor did USCIS offer any evidence to the contrary at that time. Accordingly, USCIS's motion to dismiss the first cause of action for lack of subject matter jurisdiction was denied.

### C.    Evidence Presented on Cross-Motions for Summary Judgment

The parties have now filed cross-motions for summary judgment on the first cause of action. In USCIS's summary judgment motion, USCIS moved the Court to revisit the issue of subject matter jurisdiction and introduced new evidence in the form of a declaration from Sharon Orise, the Adjudications Division Chief for USCIS's Service Center Operations Directorate. (Dkt. No. 46-1 ¶ 1.) That declaration stated that USCIS "has not used [its authority to grant advance parole] to provide advance parole to individuals inside the United States based on placement on the U visa waiting list," and that "[p]lacement on the waiting list does not create a separate basis on which to apply for advance parole through Form I-131." (*Id.* ¶ 25.) Orise's declaration further attested that "U visa petitioners inside the United States will only be considered for deferred action." (*Id.* ¶ 27.) "USCIS does not consider waitlisted noncitizens in the United States for parole, and thus does not issue Advance Parole Documents to noncitizens inside the United States." (*Id.* ¶ 28.) Further, Orise's declaration stated: "Once deferred action has been granted to a noncitizen on the waiting list, no further mechanism exists for them to apply for, or be considered for parole based on their placement on the waiting list." (*Id.* ¶ 29.) The allegations of the operative First Amended Complaint establish that Plaintiffs are all either principal U visa petitioners residing in the United States or their family members residing in the United States, who have submitted derivative U visa petitions. (FAC ¶¶ 238–92, 294–320.)

Orise's declaration, however, did not squarely address Plaintiffs' core claim that these rules only applied to applications for advance parole that were made while in the United States. Plaintiffs argued that U visa petitioners on the waiting list residing in the United States could travel abroad to visit family, seek either parole at the border or advance parole at an embassy or consulate abroad, and then receive such parole to reenter the United States based on their waiting list status. (*See, e.g.*, Dkt. No. 47 at 3 (Plaintiffs' opposition to cross-motion for summary

judgment asserting that waiting list decisions would give them "the ability to leave the United States, apply for parole abroad at a consulate, and return to the United States").).)[1]  However, Plaintiffs presented no evidence to support this claim.  At oral argument, the Court expressed concern about deciding subject matter jurisdiction without evidence from either side on that central issue, and the parties agreed to the Court's proposal that they be afforded the opportunity to submit supplemental evidence on whether Plaintiffs would gain any ability to be considered, or any advantage in the consideration, for parole if they were placed on the waiting list rather than having only a bona fide determination.  (*See* Dkt. No. 59 at 1–3.)

In response, USCIS submitted a supplemental declaration from Orise.  (Dkt. No. 65 ("Orise Decl.").)  That evidence shows that placement on the waiting list will not provide Plaintiffs—as U visa petitioners living in the United States with bona fide determinations and deferred action—any opportunity to be considered for parole that was previously unavailable to them.  The Orise declaration makes clear that U visa petitioners "located in the United States at the time of waiting list placement are considered for deferred action and are not subsequently considered for parole even if they depart the United States after waiting list placement."  (*Id.* ¶ 32.)  Orise attests that "[o]nce deferred action has been granted, USCIS does not additionally consider noncitizens for parole based on their placement on the waiting list."  (*Id.* ¶ 36.)  She further attests that for petitioners like Plaintiffs, who seek to travel abroad temporarily and return to the United States, USCIS "does not provide, and has not provided, pre-departure advance parole on the basis of waiting list placement to individuals in the United States."  (*Id.* ¶ 16.)  Thus, if a U visa petitioner in the United States, who has either a favorable waiting list decision or bona fide determination and has been granted deferred action, were to travel abroad, they would have "two options to attempt to return to the United States"—the same processes also available to other non-citizens.  (*Id.* ¶¶ 17, 25.)

Under the first option, a U visa petitioner may seek parole by filing USCIS Form I-131,

---

[1] Citations to page numbers refer to the ECF pagination.

an "Application for Travel Documents, Parole Documents, and Arrival/Departure Records," under which the applicant must demonstrate an urgent humanitarian or significant public benefit reason for parole. (*Id*. ¶¶ 18, 20.) *See also De Sousa*, 720 F. Supp. 3d at 807 (discussing the Attorney General's discretionary authority to grant parole for those reasons). Placement on the waiting list, however, is not "a basis on which to apply for advance parole" on Form I-131. (Orise Decl. ¶ 20; *see also id.* ¶ 19.) Therefore, Orise confirms that any consideration for parole via Form I-131 "would be independent of whether they had received a favorable bona fide determination or been placed on the waiting list." (*Id*. ¶ 19.)

Under the second option, a U visa petitioner may seek parole at a port of entry without a prior grant of advance parole. (*Id.* ¶ 23.) Orise attests that "[w]hile granting parole at the port of entry is solely within U.S. Customs and Border Patrol's purview, USCIS is not aware of any policy by which placement on the waiting list while the petitioner was in the United States . . . would constitute a sufficient basis for parole to be granted at the port of entry." (*Id.*; *see also id.* ¶ 36 ("[N]either a bona fide determination nor waiting list placement is a basis for a noncitizen to seek parole at a port-of-entry.").) As such, if a U visa petitioner is granted parole at a port of entry, "it would not be due to their placement on the waiting list," because "[p]lacement on the waiting list is not a factor in determining whether to parole someone into the United States when seeking entry at the port of entry and the determination to grant them parole would be wholly independent of such placement." (*Id.* ¶ 23.) Therefore, under either option, for U visa petitioners who are in the United States with bona fide determinations and deferred action—like Plaintiffs—their chances of obtaining parole to reenter the United States after traveling abroad would not be altered by waiting list placement. (*Id.* ¶ 36.)

USCIS does admit that there are special cases where, after USCIS had been sued, petitioners in the United States who had initially received bona fide determinations and deferred action were later placed on the waiting list. The purpose, however, was to allow those petitioners' derivative family members living abroad to enter the United States. As Orise explains, derivatives cannot be waitlisted unless the principal petitioner is on the waiting list.

(*Id.* ¶ 13.)  Thus, to resolve these lawsuits, USCIS waitlisted the principal petitioners in the United States so that their overseas derivatives "could potentially receive waiting list decisions and consideration for parole" to enter the United States.  (*Id.* ¶ 13 & n.1.)  Once those derivatives are paroled into the United States, "their parole will then be converted to deferred action" for consistency with other waiting list members in the United States.  (*Id.*; *see also id.* ¶ 14 (discussing the notice given to overseas U visa petitioners who receive a waiting list decision abroad, which advises them of a conditional approval of parole "for a period of one year," and instructs them to submit an employment authorization application once paroled into the United States, upon which "USCIS will consider [the petitioner] for deferred action and employment authorization").)  But even in these cases, Orise attests, a waiting list decision "will not give [the principal petitioner] an opportunity to be considered for parole because he received the waiting list decision while he was in the United States, and he had already received deferred action."[2] (*Id.* ¶ 13 n.1.)

In sum, USCIS's evidence demonstrates that Plaintiffs would gain no ability to be considered for parole, nor any advantage in the consideration for parole, by being placed on the waiting list.  Put differently, as Orise attests in unqualified terms, "[o]nce deferred action has been granted, USCIS does not additionally consider noncitizens for parole based on their placement on the waiting list," and so U visa petitioners "granted a bona fide determination are in the same exact position as U-visa petitioners who have been placed on the waiting list when it comes to applying and consideration for parole."[3]  (*Id.* ¶ 35.)

---

[2] USCIS also recognizes other special cases where a U visa petitioner with a bona fide determination may receive a waiting list decision because either "doubt is cast on the law enforcement certification" or USCIS "becomes aware of some other adverse factors pertaining to the petitioner that may warrant reconsideration of the [bona fide determination] grant."  (Orise Decl. ¶ 15.)

[3] Orise does acknowledge that on "rare" occasions, U visa petitioners placed on the waiting list while in the United States may have been granted parole after traveling abroad.  (Orise Decl. ¶ 29.)  However, Orise explains that such instances were oversights, caused by a "lack of clarity in the record with regards to [the petitioner's] location at the time of their placement on the waiting list."  (*Id.*)  USCIS also indicates, and Plaintiffs do not dispute, that a similar oversight explains another case, cited in Plaintiffs' supplemental evidence, where petitioners with bona fide

Plaintiffs have presented no evidence to the contrary.  Plaintiffs' opposition to USCIS's summary judgment motion offered no evidence at all on the issue of whether placement on the waiting list would alter their ability to obtain parole and thereby travel abroad and return to the United States.  Nor did Plaintiffs provide any supplemental evidence on that claim after oral argument, despite being afforded a full opportunity to do so.  Plaintiffs instead concede that they have no evidence of U visa petitioners living in the United States who received waiting list decisions and were then able to obtain parole to travel abroad by virtue of their placement on the waiting list.  (Dkt. No. 66 at 4–5.)

Instead, Plaintiffs' supplemental evidence describes cases in which principal petitioners in the United States who had bona fide determinations subsequently received waiting list decisions as a result of litigation.  (*See id.* at 3.)  But in those cases, unlike here, the petitioners had overseas derivatives.  As explained above, these petitioners were waitlisted to allow their overseas derivatives to be considered for waiting list placement and parole.  (*E.g.*, Dkt. No. 66-1 at 13, 15, 70, 117, 148–49, 167–68, 186–87, 248–49, 252–58; *see also* Dkt. No. 65 ¶ 13 n.1.) Similarly, Plaintiffs also point to situations in which principal petitioners were living overseas and thus received waiting list decisions in order to be granted parole to enter the United States. (*E.g.*, Dkt. No. 66-1 at 117–18, 131, 149, 168–69.)  Neither situation, however, supports Plaintiffs' claim that waiting list decisions would give them the ability or a better chance to obtain parole to reenter the United States after traveling abroad.  Rather, these situations are consistent with USCIS's evidence showing that waiting list decisions are issued to allow overseas derivatives or overseas principal petitioners to be paroled into the United States, "*not* so that . . . a petitioner inside the United States could be considered for or receive parole based on

---

determinations received waiting list decisions with parole as part of a settlement to their lawsuit. (*See* Dkt. No. 71 at 9 n.1; Dkt. No. 66 at 2, 4.)  There, because the petitioners departed the United States prior to receiving their bona fide determinations, they "were granted in error, due to those [petitioners'] failure to inform USCIS that they had left the United States by the time of the grant."  (Dkt. No. 71 at 9 n.1.)

waiting list placement." (*See* Dkt. No. 65 ¶ 13 n.1 (emphasis in original).)[4]

## II.    LEGAL STANDARD

Article III of the Constitution limits the jurisdiction of the federal courts to deciding actual cases or controversies. U.S. Const. art. III, § 2. "To state a case or controversy under Article III, a plaintiff must establish standing" to sue. *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011). Article III standing requires a plaintiff to "show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). As a threshold jurisdictional matter, Article III standing must be addressed prior to consideration of the merits of a claim. *LA All. for Hum. Rts. v. County of Los Angeles*, 14 F.4th 947, 956 (9th Cir. 2021).

## III.   ANALYSIS

The undisputed facts establish that Plaintiffs have suffered no injury-in-fact sufficient to support Article III standing. As detailed above, waiting list placement would not alter Plaintiffs' ability to be considered for parole, or improve their chances in any consideration for parole, regardless of whether their application for parole is made in the United States or abroad. Accordingly, Plaintiffs' principal basis for asserting injury-in-fact fails.

Plaintiffs' remaining theories of injury-in-fact fail for much the same reasons. Plaintiffs posit that while a waiting list decision is a "regulatory benefit," a bona fide determination is a "mere policy benefit" that could be rescinded in the future. (Dkt. No. 47 at 3.) As an initial matter, "threatened injury must be *certainly impending* to constitute injury in fact," and Plaintiffs offer no proof to support their theory. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409

---

[4] Plaintiffs also cite a settlement agreement in *Monzon v. Jaddou*, No. 4:21-CV-3166 (D. Neb.), which they claim shows USCIS agreed to grant parole via Form I-131 to an overseas petitioner "with nothing more than the relevant waiting list decision and proof of financial support." (Dkt. No. 66 at 7–8; Dkt. No. 66-1 at 243–46.) It is unclear from the agreement whether the petitioner was a derivative or a principal petitioner. Either way, such evidence is consistent with USCIS's evidence that parole is extended to petitioners who are residing abroad, not to those residing inside the United States.

(2013) ("allegations of possible future injury are not sufficient" (cleaned up)) (citation omitted); *see also Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1162–63 (9th Cir. 2017) ("realpolitik predictions"—based on a "string of contingencies" and "conjecture," unsupported by "facts, figures, or data"—were "too speculative to confer standing"). Regardless, as explained above, the undisputed evidence indicates that even if USCIS were compelled to place Plaintiffs on the waiting list now, doing so would not change their chances of obtaining parole, the relief they ultimately seek.

Plaintiffs also assert that a waiting list decision "can have an impact on other benefits applications." (Dkt. No. 47 at 3.) Plaintiffs do not identify the "other benefits applications" to which they refer. Plaintiffs do point to "adverse impacts to overseas qualifying family members," because a bona fide determination for a petitioner in the United States "is not a sufficient basis to conduct a waiting list adjudication for the qualifying family member." (*Id.* (quoting Dkt. No. 1-3 at 31).) To the extent that the derivative petitions of overseas family members are the "other benefits applications" to which Plaintiffs intended to refer, that does not provide a basis for injury-in-fact in this case. Plaintiffs have not suffered such an injury, as none of them have overseas derivatives. Moreover, USCIS's evidence shows that Plaintiffs, by receiving deferred action and employment authorization, have the same benefits they would receive with a waiting list decision.

At bottom, the uncontroverted evidence before the Court demonstrates that even if Plaintiffs were placed on the waiting list, they would not have any more of a chance at parole than they would have with only a bona fide determination. Any opportunity that Plaintiffs would have under USCIS regulations by obtaining waiting list placements would therefore be wholly illusory. *Cf. CC Distribs., Inc. v. United States*, 883 F.2d 146, 151 (D.C. Cir. 1989) (lost opportunity to pursue a discretionary benefit constituted injury-in-fact where that opportunity "would not be illusory"). Accordingly, Plaintiffs have failed to demonstrate an injury-in-fact and therefore lack Article III standing to pursue their sole remaining claim.

## IV.  MOTION FOR JURISDICTIONAL DISCOVERY

Plaintiffs' alternative request for jurisdictional discovery is denied.  "Jurisdictional discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (cleaned up).  Still, "a mere hunch that discovery might yield jurisdictionally relevant facts or bare allegations in the face of specific denials are insufficient reasons for a court to grant jurisdictional discovery." *Id.* (citation omitted).

Plaintiffs contend that jurisdictional discovery is needed to obtain evidence substantiating their injury-in-fact.  Specifically, Plaintiffs seek "to conduct a Rule 30(b)(6) deposition" about how USCIS has implemented parole under § 214.14(d)(2), as well as its eligibility criteria and application and issuance processes for parole.  (Dkt. No. 67 at 3.)  They also seek "all policies, memos, or other guidance [USCIS] has created for its adjudicators, the public, or U visa applicants" regarding parole, "all documents that [USCIS] claims support its position that Plaintiffs lack standing," and any materials reviewed by the potential Rule 30(b)(6) deponent in preparation for the deposition.  (*Id.*)

But Plaintiffs fail to make the necessary showing to justify jurisdictional discovery.  They only cursorily assert that such discovery "is likely sufficient to get all of the answers relevant to standing that Plaintiffs need to push forward with their case."  (*Id.*)  Plaintiffs do not "provid[e] any affidavit or evidence substantiating their requests or describ[e] with any precision how such discovery could be helpful to the Court."  *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th Cir. 2022) (affirming denial of jurisdictional discovery request).  Because Plaintiffs' request is based merely on speculation, the Court declines to order jurisdictional discovery on the record before it.

## V.    CONCLUSION

Accordingly, USCIS's cross-motion for summary judgment is **GRANTED** based on Plaintiffs' lack of Article III standing, and Plaintiffs' motion for partial summary judgment is **DENIED** on the basis that the Court lacks subject matter jurisdiction to grant the judgment sought.  The Court does not reach the merits of either of the cross-motions for summary judgment, due to the lack of subject matter jurisdiction.  The first cause of action, which is the sole surviving cause of action in this case, is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: November 5, 2024

RITA F. LIN
United States District Judge